UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS DOUGLAS, JR., *et al.*, ) | Case No. 1:11 CV 2245 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| CITY OF ) | MEMORANDUM OF OPINION |
| WARRENSVILLE HEIGHTS, *et al.*, ) | AND ORDER |
| ) | |
| Defendants ) | |

*Pro se* Plaintiff Cornelius Douglas filed this action under 42 U.S.C. §§ 1981 and 1983 against the City of Warrensville Heights and the City of Cleveland. In the Complaint, Plaintiff asserts he is being harassed by officials from the Defendant Cities. He seeks monetary damages.

Mr. Douglas also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I. BACKGROUND

Mr. Douglas's Complaint is very brief. He contends he discovered his phones have been wiretapped. He claims the Defendants conspired with their agents to interfere and interrupt his tree cutting business. He contends that when customers call him to arrange for him to cut down or remove trees, the calls are cut off or monitored. He states the Defendants are trying to harass him by interfering with his ability to obtain new clients and maintain his business.

In addition, Mr. Douglas claims the City of Cleveland refused to initiate an investigation or bring charges of theft against a contractor who accepted money from him but did not perform repair

work related to property at 3427 East 142 St., Cleveland, Ohio. He contends the City misapplied the law and conspired to take his land. He alleges that as an African-American citizen owning property in a City predominantly populated by African-American citizens, he does not enjoy the same home ownership rights as Caucasian citizens. He asserts claims for racial discrimination under 42 U.S.C. §§ 1981 and 1983, and of negligence that arises under state law.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## III. ANALYSIS

As an initial matter, Mr. Douglas has filed six previous actions against the Cities of Warrensville Heights and Cleveland and their employees. Between 1996 and 2000, he filed three cases against the City of Warrensville Heights, the City of Cleveland, and their respective Mayors. *See Douglas v. City of Cleveland*, No. 1:99 CV 3050 (N.D. Ohio Jan. 25, 2000)(dismissing the action pursuant to 28 U.S.C. §1915(e)); *Douglas v. Grabow*, No. 1:97 CV 142 (N.D. Ohio Apr. 28, 1997)(granting the defendant's Motion to Dismiss); *Douglas v. Grabow*, No. 1:96 CV 1334 (N.D. Ohio Jan. 10. 1997)(granting the defendant's Motion to Dismiss).

Mr. Douglas raised claims of telephone wiretapping by the Cities of Warrensville Heights and Cleveland in two other cases filed in this Court. On March 6, 2002, he filed an action against the Warrensville Heights Mayor, Marcia Fudge, the City of Warransville Heights, the Warrensville Heights Police Department, Cleveland Mayor Jane Campbell, the City of Cleveland and the City of Cleveland Police Department, claiming the City of Warrensville Heights engaged in a pattern of harassment by tapping his phones and interfering with his business. *See Douglas v. Fudge*, No. 1:02 CV 425 (N.D. Ohio Nov. 4, 2002)(Gaughan, J.). The Court granted summary judgment in favor of

the Warrensville Heights Police Department, and granted the Motion to Dismiss filed by Mayor Campbell, the City of Cleveland and the Cleveland Police Department on November 4, 2002. The remaining claims were dismissed for failure to prosecute when he repeatedly failed to appear for status conference hearings.

Mr. Douglas filed a second action against the same Defendants on March 27, 2003. In this action, Mr. Douglas again alleged the Cities engaged in a pattern of harassment and tapped his phone to interfere with his business and his clients. *See Douglas v. Fudge*, No. 1:03 CV 554 (N.D. Ohio May 22, 2003)(Gaughan, J.). That action was dismissed on May 22, 2003 pursuant to 28 U.S.C. §1915(e) for failure to state a claim upon which relief may be granted.

Mr. Douglas filed an action earlier this year against the City of Cleveland and Cleveland Police Detective Frank Zagami, claiming the City failed to prosecute a contractor who took money from Mr. Douglas to make repairs on his property at 3427 East 142 St., Cleveland, Ohio and then left without performing the work or returning the money. He alleged the City threatened to demolish his property but allowed Caucasian citizens to live, own, and operate businesses on properties that are waste sites. *See Douglas v. City of Cleveland*, No. 1:11 CV 586 (N.D. Ohio May 18, 2011). That action was dismissed pursuant to 28 U.S.C. § 1915(e) on May 18, 2011 for failure to state a claim upon which relief may be granted.

In this present action, Mr. Douglas again fails to state a claim upon which relief may be granted. The only Defendants in this action are the City of Warrensville Heights and the City of Cleveland. Local governments may be sued under 42 U.S.C. § 1983 only when the "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury that forms the basis of the claim.

4

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). A municipality can therefore be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Mr. Douglas's Complaint provides few facts and no specific legal claims against either Defendant. He contends his phone is tapped but he does not provide any other information about this claim. He does not indicate which of the Defendants' employees performed this action, or under what authority they acted. He does not specify a policy or custom that was followed by the employee and does not identify the legal claim or claims he is asserting as a result of this action. Similarly, he again asserts that the City of Cleveland refused to prosecute a theft claim but he does not allege which City employee made this decision, why the decision was made, and what legal claim he is raising in this action as a result of that decision. Finally, Mr. Douglas alleges he does not enjoy the same home ownership rights as Caucasian citizens. He does not explain that allegation or connect it to one or both of the Defendants.

Moreover, the exhibits to his pleading do not shed light on the nature of his Complaint. There are multiple documents attached to the Complaint which have no apparent relationship to the allegations set forth in this action. Among the documents he includes with the pleading are the table of contents for the Patriot Act, court notices associated with a Cuyahoga County foreclosure action and sheriff's sale of a property located on Jennings Street in Warrensville Heights, and a letter Mr. Douglas sent to FEMA in 2007 regarding damage to his property at 24109 Emery Road in Warrensville Heights.

To state a viable claim that meets the pleading requirements of Federal Civil Rule 8, Mr.

Douglas must plead sufficient factual allegations to allow the court to make a reasonable inference that the Defendant is liable for the alleged violation. *Iqbal*, 129 S.Ct. at 1949. While he is not required to include detailed allegations, he still must include enough facts to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Mr. Douglas's bare bones allegations do nothing more than suggest the possibility that one or both of the Defendants may have done something that could give rise to a viable legal claim. That is not sufficient to state a claim upon which relief may be granted

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 10, 2012

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.